IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYANT KEITH BROWN,

    Petitioner,               No. CIV S-07-2020 WBS EFB P

    vs.

WARDEN, et al.,

    Respondents.          ORDER AND
                                         FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

        An application for a writ of habeas corpus must specify the grounds for relief and the facts supporting each ground. Rule 2, Rules Governing Section 2254 Cases. A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Thus, in the language of the applicable rule, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

1

the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases.

Here, petitioner alleges that in the appeal of the judgment of conviction, he was indigent but was denied access to a free transcript for his appeal. In a state such as California, where appeal from a judgment of conviction following a criminal trial is a statutory right, *see* Cal. Penal Code § 1237(a) (West 2004), the defendant is entitled to basic protections under the Due Process and Equal Protection Clauses of the United States Constitution. A defendant is entitled to effective assistance of counsel on a direct appeal taken as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). An indigent defendant is entitled to a transcript of the trial court proceedings free of cost if the transcript is necessary to ensure a fair appeal. *Griffin v. Illinois*, 351 U.S. 12, 13-14, 20 (1956). Petitioner attaches two letters from the attorney who represented him on appeal. The first, dated July 19, 2007, shows that the appellate court affirmed the conviction on July 3, 2007. Pet., Ex. A. The second, dated August 25, 2007, shows that at some unspecified time petitioner was transferred from Corcoran State Prison to High Desert State Prison, and that during the move petitioner's legal papers including his copies of the trial transcripts, were lost. Pet., Ex. B. Petitioner does not attach any evidence showing when he was transferred. However, counsel was responding to petitioner's letter dated August 14, 2007, suggesting that petitioner was transferred during the summer of 2007, after briefing of the appeal was concluded and after the appellate court's July 3 decision. Thus, the petition itself precludes a finding that petitioner lacked access to the transcripts during the appeal.[1] Furthermore, since petitioner was represented by counsel, the question is whether counsel lacked access to the transcripts during the appeal such that counsel could not provide the representation minimally

---

[1] Attachments to a complaint are to be considered part of the complaint for purposes of determining whether it states a claim upon which relief can be granted. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062; *See also, Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (noting that attachments to a complaint are to be considered part of the complaint in deciding a Rule 12(b)(6) motion).

required under the constitution. In other words, in order to allege grounds that might entitle petitioner to relief, he must allege not only that he was indigent, but also that this fact prevented counsel from obtaining a transcript of the proceedings and thus could not adequately represent petitioner on appeal. Petitioner makes no such allegations. Therefore, the court finds that "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. *See* 28 U.S.C. § 2243. The petition must be summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Proceedings.

Accordingly, it is ORDERED that petitioner's request for leave to proceed *in forma pauperis* is granted.

Further, it is RECOMMENDED that this action be dismissed. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   October 18, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE